UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| THEODORE HARRELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:10 CV 70 DDN |
| ) | |
| CLARKE POWER PRODUCTS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER OF REMAND**

This action is before the court on the motions of plaintiffs Theodore and Carol Harrell to remand (Doc. 12) and to set aside the state court order dismissing defendant Orscheln Farm & Home, LLC (Doc. 27). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15.) Oral arguments were heard on December 17, 2010.

**I. BACKGROUND**

Plaintiffs commenced this action in the Circuit Court of Macon County, Missouri, against Clarke Power Products, Inc. ("Clarke") and Orscheln Farm & Home, LLC ("Orscheln"), for damages Mr. Harrell sustained after he was injured when attempting to inflate a tire on a two-wheeled dolly. (Doc. 1-1, 1-2.) After Orscheln was dismissed from the suit pursuant to Missouri's Innocent Seller Statute, Mo. Rev. Stat. § 537.762, (Doc. 1-4), Clarke removed the suit to this court pursuant to 28 U.S.C. § 1441, relying on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 1).

In their state court petition, plaintiffs allege that on July 2, 2006, Mr. Harrell purchased a dolly from a store owned and operated by Orscheln. (Doc. 1-2 at ¶ 10.) The dolly was designed, manufactured and distributed by Clarke in the ordinary course of its business. (Id. at ¶ 12.) On September 24, 2007, Mr. Harrell attempted to inflate one of the tires on the dolly. (Id. at ¶ 9.) When doing so, the rim of the deflated wheel separated, and a portion of the rim struck him in his face, causing him serious injury, pain, and suffering. (Id.)

In Count I, Mr. Harrell raises a strict products liability claim against Clarke. (Id. at ¶¶ 13-22.) In Count II, Mr. Harrell alleges that Clarke negligently failed to exercise ordinary care in warning him of the defects of the dolly, and in failing to properly test, design, and manufacture the dolly. (Id. at ¶¶ 23-28.)[1] In Count V, Mrs. Harrell seeks damages for loss of consortium. (Doc. 1-2 at ¶¶ 45-47.)

## II. MOTION TO REMAND

Plaintiffs move to remand the case to state court. Plaintiffs argue that the court does not have jurisdiction because under Mo. Rev. Stat. § 537.762(6), Orscheln remains a "party" to the suit and Orscheln is a non-diverse party. Plaintiffs also argue that despite Clarke's contentions in its notice of removal, they did not fraudulently join Orscheln to destroy federal jurisdiction. (Docs. 12, 13.)

Clarke responds that plaintiffs' voluntary act of consenting to the dismissal of Orscheln renders the case removable. Clarke also responds that Orscheln was fraudulently joined because the Missouri Supreme Court has held that Mo. Rev. Stat. § 537.762 substantively eliminates a seller's liability, and that subsections (6) and (7) are procedural and need not be applied in federal court. Clarke further responds that a total recovery may be obtained from it, so there would be no need to retain Orscheln in the suit. (Doc. 17.)

Plaintiffs reply that Clarke waived its fraudulent joinder argument by not removing the case within 30 days of initial filing, and that the argument is without merit because Orscheln remains potentially liable. Plaintiffs also reply that subsections (6) and (7) are substantive and thus applicable in federal court, and that Orscheln's dismissal does not permit removal because the dismissal was not "final." (Doc. 22.)

In its sur-reply, Clarke argues that it did not waive its fraudulent joinder argument because the suit did not become removable until Orscheln's dismissal. Clarke also argues that because it is properly

---

[1]In Counts III and IV, Mr. Harrell raised strict liability and negligence claims against Orscheln (Doc. 1-2 at ¶¶ 29-44), but as previously noted, those claims were dismissed by the state court (Doc. 1-4).

- 2 -

before the court and it can provide full recovery, plaintiffs cannot recover from Orscheln under the statute. (Doc. 26.)

### III. MOTION TO SET ASIDE INTERLOCUTORY STATE COURT DISMISSAL ORDER

Plaintiffs also move to set aside the interlocutory state court order dismissing Orscheln. Plaintiffs argue that the statute requires the manufacturer of the defective product be properly before the court before a downstream innocent seller can be dismissed. Plaintiffs contend that as a result, Orscheln should be brought back into the suit, because they recently discovered that Clarke was not the manufacturer of the defective dolly. (Docs. 27, 28.)

Clarke responds that plaintiffs have waived their right to set aside the state court order because they knew at the time of dismissal that Clarke was not the actual manufacturer of the dolly. Clarke further replies that it is an upstream defendant properly before the court, and that the manufacturer need not be a party to the suit before an innocent seller such as Orscheln can be dismissed under the statute. (Docs. 31, 33.)

Plaintiffs reply that the plain meaning of the statute requires the manufacturer be present in the suit before an innocent seller can be dismissed. Plaintiffs further reply that good cause exists to set aside the interlocutory state court dismissal order. (Doc. 34.)

In its sur-reply, Clarke argues that there is no good cause to set aside the interlocutory state court dismissal order because plaintiffs were not objectively reasonable in believing that Clarke manufactured the defective dolly before consenting to Orscheln's dismissal. (Doc. 37.)

### IV. DISCUSSION

If a district court has original jurisdiction over a civil case, that case may be removed from the state court to the district court. 28 U.S.C. § 1441(a). One source of original jurisdiction, diversity jurisdiction, exists when the amount in controversy is greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship exists among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in

the same state where any plaintiff holds citizenship." In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010).

However, the district court must remand the case to state court if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." In re Prempro, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Id.

**A. Missouri's Innocent Seller Statute**

Under Missouri's innocent seller statute, Mo. Rev. Stat. § 537.762, a defendant in a products liability action "whose liability is based solely on his status as a seller in the stream of commerce may be dismissed" from the lawsuit if "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. § 537.762(1), (2).

Dismissal under Missouri's innocent seller statute is made "without prejudice," is "interlocutory until final disposition of plaintiff's claim . . . and may be set aside for good cause shown at anytime prior to such disposition." Mo. Rev. Stat. § 537.762(3). The statute further states,

> No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

Id. at (6). The purpose of the statute is to dismiss a seller at an early stage of the litigation, "which spares the seller from having to engage in costly litigation and eliminates the need for the seller to seek indemnification from the manufacturer after the litigation is complete." Moeller v. Ford Motor Co., No. 4:07 CV 1820 CAS, 2008 WL 161905, at *2 (E.D. Mo. Jan. 15, 2008).

**B. Fraudulent Joinder**

Fraudulent joinder of a resident defendant does not defeat removal. In re Prempro, 591 F.3d at 620. "Fraudulent joinder occurs when a

plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. When determining whether a party has been fraudulently joined, the court considers whether there is "any reasonable basis in fact or law to support a claim against a nondiverse defendant." Id. Put another way, "if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." Filla v. Norfolk Southern Railway Co., et al., 336 F.3d 806, 809 (8th Cir. 2003). When predicting whether state law might impose liability, the court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. at 811. The removing party bears the "substantial burden" or showing plaintiffs' joinder was fraudulent. Fahy v. Taser Intern., Inc., No. 4:10 CV 19 CDP, 2010 WL 559249, at *1 (E.D. Mo. Feb. 10, 2010).

A federal court sitting in diversity jurisdiction must apply the law of the state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Thus, this court must apply the choice of law rules that a Missouri circuit court would apply in this case. Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1064 (8th Cir. 2003). Because all the alleged significant contacts with the case occurred in Missouri, the substantive law of Missouri must be applied. Livingston v. Baxter Health Care Corp., 313 S.W.3d 717, 721 (Mo. Ct. App. 2010). Therefore, for plaintiffs to sustain a claim against either defendant, a colorable cause of action must exist under Missouri law.

Under Missouri law, the seller of a defective product is potentially liable to an injured plaintiff. Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, 439 (Mo. 2002) (en banc); Malone v. Schapun, Inc., 965 S.W.2d 177, 182 (Mo. Ct. App. 1997); Restatement (Second) of Torts § 402A. Although the downstream seller *can* be relieved from liability pursuant to the innocent seller statute, the statute may not always be available to shield a downstream seller because the manufacturer may be unknown or become insolvent. Mo. Rev. Stat. 537.762(2); Malone, 965 S.W.2d at 182.

Plaintiffs argue that Clarke may not be a proper defendant in their suit, and that Clarke may be financially unable to satisfy all of their judgments. (Docs. 22, 22-2.) In support of their arguments, plaintiffs

rely on Clarke's denial of manufacturing the defective dolly, the presence of another company's name on the defective tire, and Clarke's proceedings in bankruptcy court.

Clarke points the court's attention to Wichmann v. Proctor & Gamble Mfg. Co., No. 4:06 CV 1457 HEA, 2006 WL 3626904, at *2 (E.D. Mo. Dec. 11, 2006), and Thomas v. Brown & Williamson Tobacco Corp., No. 06-0223-CV-W-SOW, 2006 WL 1194873, at *3 (W.D. Mo. Apr. 28, 2006). In Wichmann, the court found the innocent seller was fraudulently joined because (1) the claims brought against the innocent seller were based entirely on its status as the seller of the defective product; (2) the manufacturer of the defective product was properly before the court; and (3) the manufacturer was available for full recovery. Wichmann, 2006 WL 3626904, at *2. Similarly, in Thomas, the court found the innocent seller was fraudulently joined because, although the remaining defendants denied the substance of the plaintiff's allegations, (1) the innocent sellers' liability would be based entirely on their statuses as sellers of the defective product; and (2) plaintiff would be able to make a full recovery from the manufacturers without contribution from the non-diverse, innocent seller defendants. Thomas, 2006 WL 1194873, at *3.

Unlike the plaintiffs in Wichmann and Thomas, there is doubt as to whether plaintiffs could make a full recovery from Clarke. (Docs. 22, 22-2.) Further, unlike the defendants in Wichmann and Thomas, there is doubt as to whether the actual manufacturer of the defective product is before the court, as Clarke admits only that it was an ostensible manufacturer,[2] not the actual manufacturer of the defective dolly. See (Docs. 31, 33-1.)

Resolving all facts and ambiguities of state law in favor of plaintiffs, Missouri law *might* impose liability upon Orscheln if, as plaintiffs argue, (1) the statute requires the actual manufacturer of the defective product be in the suit before an innocent seller can be dismissed, or (2) if Clarke is financially unable to satisfy all

---

[2]"One who puts out as his own product a chattel manufactured by another. . . ." Restatement (Second) of Torts 400; In re Stand 'N Seal, Products Liability Litigation, No. 1:07 MD 1804-TWT, 2009 WL 2145911, at *4 (N.D. Ga. July 15, 2009).

judgments. Mo. Rev. Stat. § 537.762(2); Moeller, 2008 WL 161905, at *2-3; Pender v. Bell Asbestos Mines, Ltd., 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999). Therefore, Clarke has not met its burden of proving fraudulent joinder of Orscheln.

**C. Voluntary/Involuntary Rule**

Under the voluntary/involuntary rule, "a case that is nonremovable on its initial pleadings for lack of diversity can only become removable pursuant to a voluntary act of the plaintiff." Machinsky v. Johnson & Johnson Medical, Inc., 868 F. Supp. 269, 270 (E.D. Mo. 1994). Put another way, "if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed," but "if the dismissal of that resident defendant was involuntary," removal is improper. In re Iowa Mfg. Co., 747 F.2d 462, 463 (8th Cir. 1984) (per curiam). The voluntary/involuntary rule serves two purposes: (1) "it contributes to judicial economy, because after an involuntary removal, the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court;" and (2) "it recognizes the general principle of deference to the plaintiff's choice of forum." Pender, 46 F. Supp. 2d at 940.

Clarke argues that plaintiffs consented to Orscheln's dismissal, and that consenting was a "voluntary act," thereby making the suit removable. However, that plaintiffs did not oppose, and instead consented to dismissal is not necessarily a "voluntary act" of dismissal. See Shemp v. Yamaha Corp. of Am., No. 2:06-CV-565-KJD-GWF, 2006 WL 2669185, at *3-4 (D. Nev. Sept. 18, 2006) (plaintiff did not oppose defendant's motion to dismiss, which under the local rules constituted consenting to granting the motion); Ohler v. Purdue Pharma, L.P., No. Civ. A. 02-0757, 2003 WL 943643, at *2-3 (E.D. La. Mar. 7, 2003) (plaintiffs consented to dismissal of non-diverse defendants so that the medical review process could be completed); Machinsky, 868 F. Supp. at 270 (plaintiffs did not oppose the defendant's motion to dismiss, and suggested language to be used in the dismissal order). But see Hammons v. Ohio Cas. Ins. Co., Civil Action No. 09-30-KSF, 2009 WL 997098, at *1-

2 (E.D. Ky. Apr. 14, 2009) ("An agreed order constitutes voluntary dismissal . . . .").

In the case at bar, plaintiffs' counsel sought to oppose Orscheln's dismissal, but after reviewing the motion, he found no good faith basis for opposing it. (Doc. 13-1, Boock Aff. at ¶¶ 15-16.) Plaintiffs' counsel "consented" to the motion to avoid unnecessary expense for the parties and the court. (Id. at ¶¶ 14, 17.) Thus, plaintiffs' counsel's actions might be more appropriately classified as "not opposing" rather than actually "consenting," which would resolve any doubt as to the voluntary/involuntary nature of Orscheln's dismissal. See Pender, 46 F. Supp. 2d at 941 (dismissal was not voluntary "merely because [the plaintiff's] counsel stated he would not appear to oppose the motion"); Machinsky, 868 F. Supp. at 270.

Further, that Orscheln initiated the dismissal suggests that the dismissal was "involuntary." In Polk v. Sentry Ins., 129 F. Supp. 2d 975 (S.D. Miss. 2000), the court drew the voluntary/involuntary distinction based on whether the plaintiff or defendant initiated the dismissal. Id. at 979-80. If the plaintiff initiated the dismissal, then it was voluntary; if the defendant or the court initiated the dismissal, it was involuntary. Id. See also Gandy v. Crompton, 55 F. Supp. 2d 593, 596 (S.D. Miss. 1999) (citing Pullman Co. v. Jenkins, 305 U.S. 534 (1939)).

There are also doubts that the case was properly removable under the voluntary/involuntary rule because the state court dismissal order was interlocutory. Quinn v. Aetna Life & Cas. Co., 616 F.2d 38, 40 n.2 (2d Cir. 1980) (per curiam); LGP Gem Ltd. v. Cohen, 636 F. Supp. 881, 883 (S.D.N.Y. 1986) ("[T]he finality of the dismissal, not the plaintiff's participation in it, is the factor that determines removability").

Based on the circumstances in this case, the court concludes that the state court dismissal of Orscheln was not a "voluntary act."

**D. Orscheln's Potential Liability**

As previously discussed, the innocent seller statute allows a downstream seller to be dismissed only when "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. § 537.762(2).

Plaintiffs argue that the manufacturer must be properly before the court before a downstream seller can be dismissed, and that there are doubts as to Clarke's ability to satisfy a judgment against it.

**1. Manufacturer as a Necessary Party**

Without directly deciding this issue, the Eighth Circuit has noted that under the innocent seller statute, a downstream seller may be dismissed from a products liability claim "if the manufacturer of the product is properly before the court and is financially able to fully compensate the plaintiff." Sappington v. Skyjack, Inc., 338 Fed. App'x 551, 553 (8th Cir. 2009) (per curiam). Similarly, the Eighth Circuit has noted that the innocent seller statute "has been held to shift liability from a downstream seller to the manufacturer," id. (citing Gramex, 89 S.W.3d at 445), and that the statute "protects sellers of goods when the manufacturer is sued in a products liability claim." Sappington v. Skyjack, Inc., 512 F.3d 440, 454 n.6 (8th Cir. 2007).

Although not uniform, these observations are consistent with the majority of the federal district courts of Missouri and the Missouri courts that have spoken on the issue. See, e.g., Platt v. PPG Industries, Inc., No. 4:10 CV 874 CAS, 2010 WL 3733578, at *3 (an innocent seller "may be dismissed from an action if the manufacturer of the product is properly before the court . . ."); Wichmann, 2006 WL 3626904, at *2 (same); Malone, 965 S.W.2d at 182 (noting that the innocent seller statute "protect[s] a seller from becoming principally liable when there is a culpable manufacturer or other culpable upline supplier" but later noting that "an innocent seller . . . should not be dismissed unless the injured party is ensured that another defendant, who is not an innocent seller, is properly before the court . . .").

Resolving all doubts of federal jurisdiction in favor of remand, In re Prempro, 591 F.3d at 620, because the statute is ambiguous whether a defective product manufacturer must be properly before the court before an innocent seller can be dismissed, the court must remand.

### 2. Total Recovery

Plaintiffs argue that there is doubt as to whether Clarke can satisfy a judgment against it. Specifically, plaintiffs argue that Clarke is currently engaged in bankruptcy proceedings, and as a result, may not be able to pay its insurance premiums. Clarke argues that plaintiffs allege only $30,000 in medical bills, and its insurance policy covers up to $500,000 per recovery. (Docs. 17-4, 17-5.)

Under the express terms of the innocent seller statute, the ability of the plaintiff to obtain a full recovery from "another defendant, including the manufacturer" is a necessary condition before a downstream defendant can be dismissed. Mo. Rev. Stat. § 537.762(2).

Because plaintiffs have raised sufficient concerns as to Clarke's ability to satisfy a judgment rendered against it, the court must remand.

### V. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of plaintiffs Theodore and Carol Harrell to remand (Doc. 12) is sustained. The cause is remanded to the Circuit Court of Macon County for further proceedings.

**IT IS FURTHER ORDERED** that the motion of plaintiffs Theodore and Carol Harrell to set aside the state court order (Doc. 27) is deferred to the Missouri circuit court.

　　　　　　　　　　　　　　　　　　/S/   David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on February 24, 2011.